**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Henry Alexander Berrios,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-02786-PHX-SHR (JFM)<br><br>**ORDER** |

Petitioner, proceeding pro se, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the Court deny the Petition. (Doc. 17 at 2–3.) Petitioner filed an Objection to the magistrate judge's R&R. (Doc. 20.) Respondents have not filed a response to Petitioner's Objection. For the following reasons, the Court will adopt the R&R.

## I. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. Background

As set forth in the R&R, Petitioner is a native and citizen of El Salvador who entered

the United States without inspection at an unknown date and location. In 2008, Petitioner was convicted in the Eastern District of Virginia of various non-immigration federal criminal offenses committed in 2005 and sentenced to 243 months in federal prison. On April 16, 2025, upon his release from prison, Petitioner was taken into immigration custody. In March 2026, Petitioner's various asylum and other requests for relief were denied and he was ordered removed to El Salvador. Petitioner appealed the removal decision to the Board of Immigration Appeals (BIA), and the BIA affirmed the order of removal. In Petitioner's Objection, he indicates he has filed a petition for review of the removal order in the United States Court of Appeals for the Ninth Circuit and has been granted a temporary stay of removal while the court considers his request for a longer-term stay of removal. (Doc. 20 at 4, 9–10.) As of the date of this Order, it appears Petitioner has been detained for over seventeen months.

On April 22, 2026, Petitioner filed the instant Petition, asserting his detention is prolonged and seeking release on bond "or with an ankle monitor, or any other form of relief allowed by the Court and ICE." (Doc. 1 at 4, 9.) The magistrate judge determined Petitioner implicitly relied on the standard set forth in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), which created a presumptively constitutional six-month period for post-removal-order detention under 8 U.S.C. § 1231(a)(6). (Doc. 17 at 2.) The magistrate judge concluded Petitioner "is not being detained post-removal order pursuant to § 1231(a)(6)" and, accordingly, *Zadvydas* does not apply. (*Id.* at 2–3.) Petitioner, in his Objection, acknowledges *Zadvydas* does not "create[] an automatic six-month limit upon detention under [8 U.S.C.] § 1226(c)," the statute under which he is detained. (Doc. 20 at 2.) Instead, Petitioner asserts the R&R failed to address the separate constitutional question of "whether his prolonged civil detention without an individualized determination that continued confinement remains necessary violates the Due Process Clause of the Fifth Amendment." (*Id.* at 3.)

**III. Discussion**

Because Petitioner does not object to and the Court agrees with the R&R's

conclusion *Zadvydas* does not apply, the Court will only address Petitioner's constitutional argument. Petitioner does not dispute he is detained under § 1226(c)—entitled "Detention of criminal aliens"— which provides the Attorney General "shall take into custody" certain noncitizens who are inadmissible or deportable on specified grounds, including "by reason of having committed" certain criminal offenses. § 1226(c)(1). The statute further provides the Attorney General "may release" such a noncitizen only in the narrow witness-protection circumstances described in § 1226(c)(4). The statute therefore mandates Petitioner's detention while his removal proceedings remain pending.

Whether Petitioner's constitutional claim is characterized as involving substantive or procedural due process does not alter the threshold question before the Court: whether the Due Process Clause confers on Petitioner his asserted constitutional entitlement in the first place. Only if Petitioner possesses a constitutional right to an individualized determination of the necessity of continued detention would the Court need to determine what procedures are constitutionally required to protect that right—for example, whether *Mathews v. Eldridge*, 424 U.S. 319 (1976), requires a bond hearing or immediate release.

As the Supreme Court explained in *Jennings v. Rodriguez*, § 1226(c) "mandates detention of any alien falling within its scope" and permits release before conclusion of removal proceedings only through the statute's witness-protection exception. 583 U.S. 281, 305–06 (2018). Congress therefore determined detention—not individualized bond adjudication—is the rule for persons detained pursuant to § 1226(c). Section 1226(c) does not make dangerousness or flight risk a prerequisite to detention. Requiring an immigration judge to determine whether continued detention is justified by dangerousness or flight risk would introduce an individualized determination Congress did not make relevant to the statutory authority mandating detention. And, as discussed above, *Zadvydas* does not require a different result because it concerned potentially indefinite post-removal-order detention when removal was no longer reasonably foreseeable.

Further, in *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023), the Ninth Circuit held a noncitizen properly detained under § 1226(c) does not become entitled to a § 1226(a) bond

hearing merely because the removal case proceeds to judicial review. *Id.* at 537–38. And, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court rejected a facial due-process challenge to mandatory detention under § 1226(c) and recognized Congress's authority to require custody of the classes identified by the statute during removal proceedings. *Id.* at 513–14, 528–31.

As discussed, Petitioner's removal proceedings remain pending for detention purposes while the Ninth Circuit considers his petition for review and stay request, and § 1226(c) mandates detention while those proceedings remain unresolved. Petitioner's pending petition for review therefore does not alter the statutory basis for his detention or establish a right to a hearing. Nor does the fact the Ninth Circuit granted Petitioner a temporary stay of removal establish a constitutional right to release or an individualized bond hearing. Rather, it preserves the status quo while the Ninth Circuit considers Petitioner's request for relief. The stay does not nullify § 1226(c)'s mandatory-detention requirement or sever the connection between Petitioner's detention and the proceedings necessary to determine whether he is removable.

The Court recognizes the limitations of the relevant precedent. *Demore* addressed a facial challenge to § 1226(c), and *Jennings* addressed the statutory question without reaching the constitutional issue. The Court does not foreclose the possibility that, in an appropriate case, detention under § 1226(c) may support a viable as-applied due-process claim. Instead, the Court's conclusion is limited to Petitioner's asserted entitlement on the facts and record presented and does not rest on Petitioner's detention under § 1226(c) alone. Instead, it rests on Congress's mandatory-detention scheme for the classes specified in § 1226(c), the absence of any statutory right to bond during judicial review, and the fact Petitioner's detention remains connected to the resolution of his pending removal proceedings. The Court does not minimize the significance of Petitioner's civil detention. His proceedings nevertheless remain pending while he seeks judicial review of the removal order. The Court concludes, on the present record, the duration of Petitioner's detention under § 1226(c) does not itself establish a constitutional entitlement to immediate release

or an individualized bond hearing. Accordingly, Petitioner has not shown his continued detention violates due process. Given the Court's conclusion, it need not determine what procedures would be required at a constitutionally compelled bond hearing.

## IV. Conclusion

**IT IS ORDERED** the Court **ADOPTS** the R&R (Doc. 17).

**IT IS FURTHER ORDERED** Petitioner's Petition (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 5th day of October, 2026.

Honorable Scott H. Rash
United States District Judge